UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON GONZALEZ VILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED SITE SERVICES OF CALIFORNIA, INC,<br><br>    Defendant. | Case No. 13-cv-00944-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 3 |

In this putative class action for violations of California's labor laws, Plaintiff Villa moves to remand the action to the Superior Court of Santa Clara County on the ground that the action fails to satisfy the jurisdictional requirements of 28 U.S.C. Section 1332(d). For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

Plaintiff Nelson G. Villa, a citizen of California, filed this putative class action in the Superior Court of Santa Clara County. Not. of Removal, ECF No. 1. Defendant United, a citizen of California, removed the action under 28 U.S.C. Section 1332(d), as amended by the Class Action Fairness Act ("CAFA"). Id.

Villa asserts three claims against United: (1) failure to provide rest breaks under California Labor Code Section 226.7; (2) failure to pay wages at the time of discharge under California Labor Code Section 203; and (3) failure to pay rest period premiums under California's Unfair Competition Law. Id., Ex. 1, Compl.

Villa brings these claims on behalf of himself and the following class of individuals: "All current and former service technicians and pick-up delivery drivers of Defendant working within the State of California at any time during the period beginning four years before the filing of the

initial complain, who worked for shifts of greater than three and one-half (3 1/2) hours and who were denied rest breaks, who were denied compensation, including premium pay on a daily basis, and whose premium payments were delayed after their employment was terminated." Id. ¶ 18.

Villa now moves to remand this action on the basis that removal under Section 1332(d) was improper in part because the complaint asserts "only state law claims and there is no minimal diversity." Mot. at 11, ECF No. 3.

## II. LEGAL STANDARD

"A civil action in state court may be removed to federal district court if the district court had 'original jurisdiction' over the matter." Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a)). "As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Id. (citing 28 U.S.C. § 1332(d)) (internal quotation marks omitted). The burden of establishing removal jurisdiction under CAFA is on the proponent of federal jurisdiction. Id. A district court must "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

## III. DISCUSSION

The Court concludes that United has not met its burden to establish that minimal diversity exists under Section 1332(d).

Minimal diversity under Section 1332(d) exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because United is a citizen of California, minimal diversity would exist in this action if at least one putative class member is not a citizen of California.

United alleges in the Notice of Removal that "[a]t least one purported class member is not a citizen of California." Not. of Removal ¶ 6, ECF No. 1. In its Opposition, United states that at least two putative class members are not citizens of California and that "there are likely others but

2

this showing is sufficient for purposes of CAFA." Opp'n at 3, ECF No. 10. In support of this contention, United submitted the declarations of two of its lawyers.

In the first declaration, Susan Bishop states that she had a telephone conversation with Miriam Coehlo, a former employee of United, during which Coehlo informed Bishop that she moved to Kansas in 2009 and that "she was moving to Oklahoma the following week." Bishop Decl. ¶ 2, ECF No. 14. Bishop further states that "Westlaw shows [Coehlo's] address to be in Kansas" and that another Westlaw search revealed that another former employee of United named Isaias Canseco has an address in Texas. Id. ¶¶ 2, 3 ("As confirmation of the address [United] had on file for Isaias F. Garcia Canseco, I caused an address search to be completed. Westlaw shows his address to be in Texas.").

In the second declaration, Gaetano D'Anna states that Garcia Canseco is a former employee of United. D'Anna Decl. ¶ 2, ECF No. 12.

Villa argues that these declarations are insufficient to establish that either of these putative class members is not a citizen of California because the relevant inquiry for minimal diversity purposes is citizenship, not residence. The Court agrees.

The relevant inquiry for determining whether minimal diversity exists is the citizenship of the parties. See 28 U.S.C. § 1332(d)(2)(A). When jurisdictional allegations are challenged, the party who bears the burden of establishing jurisdiction must support its allegations "by competent proof." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194-95 (2010).

Here, United has not met its burden to support its allegations that minimal diversity under Section 1332(d) exists. The declarations submitted by United, at best, speak to the residence of the two purported class members, not to their citizenship. Allegations pertaining to the state in which a person resides are not conclusive as to whether that person is a citizen of that state. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a

3

citizen of that state.") (internal citations omitted). The declarations do not establish that the putative class members' permanent home is in a state other than California, because they contain no information as to whether the putative class members intend to remain in the places where United claims that they currently reside.

Moreover, courts evaluate a person's domicile "in terms of objective facts." See Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). United has not submitted any objective facts to establish the citizenship of the two putative class members. Instead, United submitted two declarations of its own lawyers, which contain factual statements that are not based on personal knowledge. For that reason, the Court accords them little weight.

United admits that it has access to at least some of the putative class members' contact information. See D'Anna Decl. ¶ 2 ("[United] attempts to maintain a database of its current and former employees."). United also claims to have been able to contact at least one putative class member who does not currently reside in California. Bishop Decl. ¶ 2. As a result, United appears to have been in a position to submit "competent proof" as to the putative class members' citizenship, either by submitting declarations of the putative class members themselves, or by submitting other proof of citizenship that courts normally consider in these circumstances, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." See Lew, 797 F.2d at 750. United does not explain why it failed to submit any such proof.

Given that United's jurisdictional showing fails to establish the citizenship of the putative class members, and because the Court must resolve any doubts pertaining to removal jurisdiction in favor of remand, Villa's motion to remand is GRANTED. See Alderman v. Pitney Bowes Mgmt. Serv, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002) ("The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.") (citations omitted).

//

## IV. CONCLUSION

Villa's motion to remand is GRANTED. The Clerk shall mail a copy of this Order to the Superior Court of Santa Clara County and terminate this case.

**IT IS SO ORDERED**.

Dated: June 4, 2013

_____
JON S. TIGAR
United States District Judge